O

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,     )  Case No. CR 12-00493 DDP
                                  )
12                 Plaintiff,     )
                                  )
13        v.                      )
                                  )  **ORDER RE: ADMISSIBILITY OF**
14                                )  **IMMIGRATION DOCUMENTS**
    MARVIN GEOVANI TERRAZA-PALMA  )
15                                )
                   Defendant.     )
16                                )
    _____ )
17

18       Defendant is charged with being an unlawful alien found in the
19  United States following deportation, in violation of 8 U.S.C. §
20  1326.  Defendant filed a motion in limine seeking, among other
21  things, to exclude certain documents from Defendant's immigration
22  "A-file," introduced for the purpose of establishing Defendant's
23  alienage.  Having considered the submissions of the parties and
24  heard oral argument, the court grants the motion.
25       Alienage is a "core element" of a § 1326 offense that the
26  government must prove beyond a reasonable doubt.  United States v.
27  Sandoval-Gonzalez, 642 F.3d 717, 722 (9th Cir. 2011).  The burden
28  of proof in administrative immigration proceedings, in contrast, is

1   a lower "clear and convincing" standard.   <u>United States v. Medina</u>,

2   236 F.3d 1029, 1030 (9th Cir. 2001).   The government may not,

3   therefore, "skirt around the more stringent requirements of a

4   criminal proceeding" by relying on factual findings from a

5   defendant's prior deportation proceeding to establish alienage.

6   <u>Id.</u> at 1030-31; <u>cf.</u> <u>United States v. Sotelo</u>, 109 F.3d 1446, 1449

7   (9th Cir. 1997) ("[F]actual findings made in an earlier deportation

8   proceeding do not conclusively establish a defendant's alien status

9   in a subsequent criminal proceeding.").

10      Here, while acknowledging that the immigration documents alone

11   are not sufficient to establish Defendant's alienage, the

12   government contends that certain documents, particularly the

13   Warrant of Removal, are admissible to prove alienage.   (Opposition

14   at 4-5.)   In <u>United States v. Hernandez-Rojas</u>, the Ninth Circuit

15   addressed whether a warrant of deportation, admitted for the

16   purpose of establishing the fact of a prior deportation, was

17   admissible hearsay under the public records exception of Federal

18   Rule of Evidence 803(8).   617 F.2d 533, 535 (9th Cir. 1980).   The

19   court reasoned that the warrant's notation of the fact that the

20   defendant had been deported "was a ministerial, objective

21   observation, which has inherent reliability . . . [and] has none of

22   the features of a subjective report made by a law enforcement

23   official . . . in an adversary setting and likely to be used in

24   litigation," and was therefore admissible.   <u>Id.</u>   The Ninth Circuit

25   has further explained that a warrant of deportation offered to

26   prove physical removal from the United States does not violate the

27   Confrontation Clause because, as a routine, objective record of an

28   unambiguous fact, the warrant of removal's notation regarding

1 removal is non-testimonial.  United States v. Orozco-Acosta, 607

2 F.3d 1156, 1163-64 (9th Cir. 2010);  United States v. Bahena-

3 Cardenas, 411 F.3d 1067, 1074-75 (9th Cir. 2005).

4      Though warrants of removal are often admitted to prove the

5 objective fact of a defendant's prior removal from the United

6 States, the government here seeks to preserve its ability to

7 introduce the warrant of removal for the purpose of establishing

8 the alienage element of the charged offense.  A finding of alienage

9 in an immigration proceeding, however, is not merely a ministerial,

10 objective observation.  Unlike a determination of an unambiguous

11 fact such as removal, a finding of alienage requires a

12 consideration of evidence and application of relevant law, and is

13 subject to various, potentially nuanced defenses, such as

14 derivative citizenship.  See Sandoval-Gonzalez, 642 F.3d 717, 722.

15 The Ninth Circuit implicitly recognized this distinction in United

16 States v. Bahena-Cardenas, where, in the course of addressing a

17 challenge to the sufficiency of the evidence, the court engaged in

18 separate analyses of (1) evidence of physical removal contained in

19 the warrant of deportation, which the court found admissible, and

20 (2) evidence of alienage, which did not include any prior finding

21 of alienage.[1]  Bahena-Cardenas, 411 F.3d at 1075-76.

22      The government relies on United States v. Hernandez-Herrera,

23 273 F.3d 1213 (9th Cir. 2001) to support its contention that a

24 warrant of removal is admissible to prove alienage.  Indeed,

25 Hernandez-Herrera states "deportation documents are admissible to

26 prove alienage under the public records exception to the hearsay

27 _____

28      [1] Evidence of alienage did include "evidence of deportation."
Bahena-Cardenas, 411 F.3d at 1076.

1  rule." Id. at 1217-18.  Hernandez-Herrera, however, provides no

2  reasoning for its conclusion, and appears to conflict with the

3  implications of subsequent Ninth Circuit authorities.  See Orozco-

4  Acosta, 607 F.3d at 1163-64; Bahena-Cardenas, 411 F.3d at 1074-75.

5  Though Hernandez-Herrera provides no reasoned analysis of the

6  admissibility issue, it does cite to United States v. Contreras, 63

7  F.3d 852 (9th Cir. 1995).  Hernandez-Herrera, 273 F.3d at 1218.

8  Contreras, however, nowhere states that a warrant of removal is

9  admissible to prove alienage.  Rather, Contreras cites Hernandez-

10 Rojas for the proposition, subsequently reiterated in cases such as

11 Bahena-Cardenas, that a warrant of removal is admissible under the

12 public records exception "because the notation . . . indicating

13 that an alien has left the country is a routine, objective, indeed

14 mechanical recording of an unambiguous factual matter." Contreras,

15 63 F.3d at 857 (emphasis added).

16     The weight of Ninth Circuit authority supports the conclusion

17 that a finding of alienage, as noted in a defendant's warrant of

18 removal, is inadmissible hearsay that may not be used to prove the

19 alienage element of a § 1326 offense.  Accordingly, Defendant's

20 motion to exclude immigration documents is GRANTED, insofar as it

21 seeks to preclude the government from proving alienage via the

22 warrant of removal.[2]

23 IT IS SO ORDERED.

24 Dated: September 11, 2012

25                                DEAN D. PREGERSON
                                  United States District Judge

26 _____

27     [2] Even if the warrant of removal were admissible to prove
   alienage under an exception to the hearsay rule, the court would
28 exclude the document, if offered for that purpose, under F.R.E.
   403.